UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                    Case No. 13-31255-WRS
                                                         Chapter 7
MARC DAVIS,

    Debtor

LAWRENCE YATES,

    Plaintiff                                     Adv. Pro. No. 13-3113-WRS

v.

MARC MILTON DAVIS,

    Defendant

## MEMORANDUM DECISION

This case came before the Court on November 19, 2013, for hearing on Plaintiff's Motion to Dismiss the Adversary Proceeding. For the reasons set forth below, the Plaintiff's motion is GRANTED and the adversary complaint is DISMISSED, with leave to amend the complaint within fourteen days.

## FACTS

The Debtor, Marc Davis, filed a voluntary Chapter 7 petition on May 16, 2013, initiating Case. No. 13-31255. The Debtor's Schedule F lists an unsecured, non-priority debt owed to Lawrence Yates, a judgment creditor, in the amount of $2,396.00. On September 9, 2013, Yates filed this Adversary Proceeding, seeking to have the debt owed to him declared nondischargeble under 11 U.S.C. § 523(a)(2)(A). Yates alleges that following a car accident, he sued Davis in Calhoun County District Court in 2009, which resulted in a judgment in favor of Yates for

$3,000.00 plus court costs.  Yates alleges Davis promised to pay this in monthly installments of $125.00.  Despite promises to pay the amount, Davis did not pay, and ultimately filed the underlying bankruptcy.  Yates contends that Davis's breach of the agreement to pay constitutes fraud, and thus makes the debt nondischargeable under § 523(a)(2)(A).  On September 25, 2013, the Defendant moved to dismiss the adversary proceeding pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  Davis argues that the complaint has only alleged a debt arising out of vehicle or property damage, and does not allege that the car accident debt was obtained by false pretense, false representation, or actual fraud.

## LAW

**Motion to Dismiss Standard Under Rule 12(b)(6)**

Defendant's Motion to Dismiss relies on Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012.  In reviewing a complaint on a motion to dismiss, the Court accepts all well-pleaded factual allegations as true and construes them in favor of the plaintiff.  Lopez v. First Union Nat. Bank of Fla., 129 F.3d 1186, 1189 (11th Cir. 1997).  A complaint is dismissed only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (citations omitted).  Thus, to survive the motion to dismiss, the complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009).  A claim is plausible when, from the face of the complaint, the facts alleged are "enough to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp.v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007).

**Analysis Under § 523(a)(2)(A)**

Section 523 provides for exceptions to certain debts from a debtor's discharge. At issue in this case is a debt that the Plaintiff alleges should be nondischargeable due to false pretense, false representation, and fraud. Debts incurred as a result of fraud are excepted from discharge under § 523(a)(2)(A), which provides, in part:

> (a) A discharge under section 727 ... does not discharge an individual debtor from any debt—
> (2) for money, property, services ... to the extent obtained, by—
> (A) false pretenses, a false representation or actual fraud, other than a statement respecting a debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A). The court strictly construes exceptions to discharge in favor of the debtor, St. Laurent v. Ambrose (In re St. Laurent), 991 F.2d 672, 680 (11th Cir. 1993), and the plaintiff seeking the exception to discharge bears the burden of proof, Fed. R. Bankr. P. 4005; In re Bullock, 317 B.R. 885, 889 (Bankr. M.D. Ala. 2004). "Courts have generally interpreted § 523(a)(2)(A) to require the traditional elements of common law fraud." Sec. and Exch. Comm'n v. Bilzerian (In re Bilzerian), 153 F.3d 1278, 1282 (11th Cir.1998). Accordingly, there are four elements of a fraud claim which the plaintiff must prove by a preponderance of the evidence:

> (1) The debtor made a false representation of a past or current material fact;
> (2) With the intent to deceive the creditor;
> (3) The creditor justifiably relied upon the representation; [and]
> (4) The creditor sustained loss as a proximate result of the representation.

Id. at 1281; see also Grogan v. Garner, 498 U.S. 279, 285, 11 S.Ct. 654, 658 (1991) (holding that preponderance of the evidence is the proper burden of proof in nondischargeability proceedings). To survive the Motion to Dismiss, the Plaintiff's complaint must allege a debt obtained through fraud, and facts demonstrating that the Defendant is plausibly liable for each of those elements.

3

The Plaintiff has failed to allege a debt that was obtained through fraud. Rather, Yates has alleged a debt arising out of a car accident, for which he later obtained a judgment and an agreement with Davis for monthly payments of $125.00. Much of the Yates complaint and opposition to the Motion to Dismiss is focused upon Davis's failure to follow through on his repeated promises to make those monthly payments. While Yates alleges that Davis knew his promise to pay was false and thus never intended to pay, Yates has failed to allege that the underlying debt was obtained through some form of fraud. There is no allegation that the car accident was somehow a product of fraud. Indeed, the Court cannot conceive of how a car accident could satisfy the elements of fraud even if Yates were to attempt to advance such an argument. For the 523(a)(2)(A) fraud exception to discharge to apply, the fraud must be one that "involved the obtaining of money, property or services by 'false pretenses or false representations.'" In re Alexander, 212 B.R. 993, 996 (Bankr. M.D. Ala. 1997) (citations omitted). The car accident which gave rise to the debt in this case cannot satisfy any element of a fraud claim.

Overall, the complaint fails to allege facts showing that the elements of fraud are satisfied. The scenario Yates alleges is more of a garden variety story of a debtor making excuses not to pay a debt owed to a creditor. Yates's argument here fails because, "[f]or purposes of Section 523(a)(2)(A), a failure to fulfill a promise is not sufficient . . . ." In re Boggus, 479 B.R. 147, 155 (Bankr. N.D. Ga. 2012); see also In re Gibson, 450 B.R. 227, 230 (Bankr. N.D. Ga. 2010) (stating that "the case of a broken promise" or simple failure to repay "does not in and of itself establish fraud under Section 523(a)(2)(A)."). Were a creditor able to successfully argue that a debt is nondischargeable simply because a debtor failed to follow through on a future promise to pay,

4

most bankruptcy debts would never discharge. As a result, only current or past acts can form the basis of a fraud claim under § 523(a)(2)(A). See Bullock, 317 B.R. 885, 889; see also In re Callaway, 2006 WL 6589022 *19 (Bankr. N.D. Ga Nov. 28, 2006) (citing In re Allison, 960 F.2d 481 (5th Cir. 1992)) ("[A] statement of intent to perform an act in the future will not generally form the basis of a false representation that is actionable under section 523(a)(2)(A) . . . ."). While Davis's unfulfilled promises to pay the debt, and his resulting filing of bankruptcy, have understandably frustrated Yates's ability to collect a debt owed him, they are insufficient to form the basis of a nondischargeability determination under § 523(a)(2)(A).

## CONCLUSION

The Court finds that Yates has failed to state a plausible claim under § 523(a)(2)(A). The Complaint does not allege an underlying debt that was obtained through false representations or actual fraud. The Complaint only alleges that Yates made the promise to pay the judgment debt without the intent of honoring the promise. This type of failed future promise to pay cannot form the basis for a § 523(a)(2)(A) claim.

Done this 23rd day of December, 2013.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Lawrence Yates
   James A. Smith, Attorney for Defendant